# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.L.-1 and E.L.**

**No. 20-0168** (Tucker County 19-JA-21 and 19-JA-22)

**FILED**

**November 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.L.-2, by counsel Hilary M. Bright, appeals the Circuit Court of Tucker County's January 15, 2020, order terminating his parental rights to J.L.-1 and E.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in (1) adjudicating him as an abusing parent, (2) granting his counsel's motion to withdraw at the onset of the dispositional hearing and proceeding with the dispositional hearing after counsel withdrew, and (3) terminating his parental rights without requiring the DHHR and guardian to file a case plan and report as required by the Rules of Procedure for Child Abuse and Neglect Proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court below erred in finding that petitioner neglected the children by clear and convincing evidence, vacates the circuit court's January 15, 2020, dispositional order, and remands the case to the circuit court for the appointment of counsel and the holding of an adjudicatory hearing on the allegations of neglect against petitioner. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In May of 2019, the DHHR filed an abuse and neglect petition alleging that petitioner and his girlfriend engaged in substance abuse, domestic violence, and a lack of supervision, in addition

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we will refer to them as J.L.-1 and J.L.-2, respectively, throughout this memorandum decision.

1

to other allegations. Specifically, the DHHR alleged that petitioner choked his girlfriend and bruised her, among other forms of domestic violence. Further, the DHHR alleged that the girlfriend fled the home to escape petitioner but remained worried about the well-being of the children. The DHHR also alleged that petitioner had been known to cut off electricity and leave the home or kick the girlfriend and her own daughter out of the home in the middle of the night. The DHHR further asserted that while the children minimized any threats or violence by petitioner, they confirmed he had been taken to jail around Christmas after an episode of domestic violence. After the DHHR filed the petition, the circuit court ordered petitioner to participate in drug screening, wherein he failed to fully participate and, when he did screen, tested positive. Petitioner was appointed an attorney and later waived the preliminary hearing.

The circuit court held an adjudicatory hearing in July of 2019, during which petitioner's girlfriend and the children's mother testified against petitioner. Nevertheless, the circuit court found that the DHHR had not proven, by clear and convincing evidence, that petitioner abused and neglected the children. The DHHR and guardian objected to the circuit court's ruling. The circuit court dismissed the petition against petitioner and returned the children to his custody.

In August of 2019, the DHHR filed a new petition based on the same facts as the prior petition, in addition to alleging that petitioner tested positive for amphetamine and methamphetamine, as part of court-ordered drug screens in the prior proceedings, on at least four occasions before he stopped participating. After his positive screens, petitioner failed to screen for over a month before the prior petition was dismissed. The circuit court held a preliminary hearing on the DHHR's new petition wherein it found sufficient evidence to warrant the children's removal based upon testimony regarding petitioner's methamphetamine usage. The circuit court ordered petitioner to enroll in a daily random drug screen hotline and comply with all ordered screens.

In September of 2019, the circuit court held an adjudicatory hearing on the new petition. At the hearing, a community corrections officer testified that petitioner was sporadic in compliance with court ordered drug testing. Specifically, the officer testified that petitioner "did not come in when he was suppose[d] to" on at least one occasion and tested positive for amphetamine and methamphetamine in other screens. Additionally, the director of a day report center testified that petitioner visited the day report center in May of 2019 for a mandatory drug screen but that petitioner said, "he wasn't taking one, and he left my office." Finally, a CPS worker testified that the DHHR had received numerous referrals prior to its removal of the children and that petitioner's positive screens for methamphetamine were concerning because the drug can lead to increased irritability, decreased logical thinking, and raise the potential for violence. Further, when asked whether there were "manifestations of any symptoms of his drug use related to his parenting ability," the worker responded that there were several calls and accusations of domestic violence in the home. After considering the testimony of the witnesses, the circuit court found that petitioner had initially refused to participate in drug screening, tested positive for methamphetamine after the children had been removed for his home, and his positive tests were not likely isolated incidents. As such, the court adjudicated petitioner as an abusing and neglecting parent. Thereafter, the circuit court granted petitioner an improvement period.

In December of 2019, the circuit court held a final dispositional hearing. At the outset of the hearing, the circuit court granted petitioner's counsel's motion to withdraw upon finding that

the attorney/client relationship had been broken to the point that counsel could not proceed. Petitioner did not appear at the hearing in person, and the court proceeded with the dispositional hearing without petitioner or his counsel. The DHHR moved for termination of petitioner's parental rights. Following testimony regarding petitioner's lack of participation in the proceedings, the circuit court terminated his parental rights in its January 15, 2020, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009).

On appeal, petitioner first argues that the circuit court erred in adjudicating him as an abusing and neglecting parent because the DHHR failed to establish by clear and convincing evidence that there was harm or a threat of harm to the children's health or welfare. Petitioner acknowledges that the court relied on positive drug screens for methamphetamine from June of 2019 but argues that the children were in the DHHR's custody when he tested positive. Further, petitioner argues that the DHHR presented no other evidence of potential abuse and neglect—other than the positive drug screens—and that "there [was] no evidence presented that petitioner ingested or was under the influence of any illegal drugs in front of or around the children."

---

[2]The children's mother's parental rights were terminated below. The permanency plan for the children is adoption in their current placement.

3

Upon our review of the record, we find that the circuit court erred in adjudicating petitioner as an abusing and neglecting parent. West Virginia Code § 49-4-601(i) requires the DHHR, in a child abuse or neglect case, to prove "conditions existing at the time of the filing of the petition . . . by clear and convincing evidence." Further, West Virginia Code § 49-1-201 defines "abused child" as

> [a] child whose health or welfare is being harmed or threatened by . . . [a] parent . . . who knowingly or intentionally inflicts, attempts to inflict, or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home.

West Virginia Code § 49-1-201 also defines "neglected child" as

> a child . . . [w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care, or education, when that refusal, failure, or inability is not due primarily to a lack of financial means on the part of the parent, guardian, or custodian.

The DHHR failed to provide sufficient evidence to support its allegations that petitioner posed a harm or a threat of harm to the children's health or welfare. As set forth above, the DHHR's evidence showed only that petitioner abused methamphetamine at a time when the children were not in his custody. More importantly, the DHHR failed to establish that this conduct harmed or threatened the children or that he failed to supply them with necessities. According to the record, the DHHR attempted to establish that petitioner's substance abuse impacted his ability to parent, but it relied only on referrals and accusations of domestic violence or other conduct. Further, much of the discussion about petitioner allegedly threatening the health and welfare of the children came during a brief discussion about the allegations in the prior abuse and neglect petition, allegations which the circuit court previously found were not proven by clear and convincing evidence.

Based upon the contents of the petition and the presumption that petitioner's positive drug screens were "most likely not indicative of isolate[d] use," the circuit court found that petitioner had abused and/or neglected the children by clear and convincing evidence. However, the allegations in the petition "may not be taken as confessed." W. Va. Code § 49-4-601(k). The DHHR bore the burden of proving by clear and convincing evidence that petitioner threatened the health or welfare of his children, but it presented no evidence below supporting the allegation, including whether petitioner abused drugs while the children were in his care. The DHHR also failed to link such substance abuse to threatening the health and safety of the children. As such, we find that the circuit court committed clear error as the DHHR failed to meet its burden of proving by clear and convincing evidence that petitioner abused and neglected the children.

Next, petitioner argues that the circuit court erred in not appointing him counsel at every stage of the abuse and neglect proceedings, in granting counsel's motion to withdraw at the outset of the dispositional hearing, and in proceeding with the dispositional hearing absent appointed counsel. We agree. While the record shows that petitioner filed an "Affidavit of Belief and Understanding and Notice to Rescind," with the court, arguing that he was a sovereign citizen and

4

not subject to the court's jurisdiction, we do not find that this constitutes a knowing and intelligent waiver of his right to counsel.

We have previously held that

> "[a] defendant in a criminal proceeding who is mentally competent and *sui juris*, has a constitutional right to appear and defend in person without the assistance of counsel, provided that (1) he voices his desire to represent himself in a timely and unequivocal manner; (2) he elects to do so with full knowledge and understanding of his rights and of the risks involved in self-representation; and (3) he exercises the right in a manner which does not disrupt or create undue delay at trial."

*State v. Layton*, 189 W. Va. 470, 476-77, 432 S.E.2d 740, 746-47 (1993) (internal citation omitted). Petitioner did not have an opportunity to retain new counsel before the circuit court proceeded with the dispositional hearing and, other than petitioner's filing arguing he was not subject to the proceedings, there is no indication in the record that petitioner waived his right to counsel or agreed to continue self-represented. Indeed, petitioner did not even appear in person at the dispositional hearing. Accordingly, petitioner did not provide a knowing and intelligent waiver of his right to counsel and the circuit court clearly disregarded West Virginia Code § 49-4-601(f)(1), which provides that a parent in an abuse and neglect case has the right to be represented by counsel at every stage of the proceedings. Moreover, "[i]n child neglect proceedings which may result in the termination of parental rights to the custody of natural children, indigent parents are entitled to the assistance of counsel because of the requirements of the Due Process clauses of the West Virginia and United States Constitutions." Syl. Pt. 1, *State ex rel. Lemaster v. Oakley*, 157 W. Va. 590, 203 S.E.2d 140 (1974). We find that the circuit court erred in granting counsel's motion to withdraw without continuing the dispositional hearing to appoint new counsel for petitioner.

Finally, petitioner argues that it was error to proceed to disposition without requiring the guardian to file a report and the DHHR to file a case plan at least five days prior to the hearing. Petitioner is correct that Rules 18a(b) and 29 of the Rules of Procedure for Child Abuse and Neglect require that a guardian and the DHHR should file such a report and case plan, respectively, within the applicable timeframes. Because the dispositional order is being vacated due to improper adjudication and petitioner's lack of counsel and the proceedings remanded, it is unnecessary to address this assignment of error further. On remand, we direct the circuit court to ensure that the parties timely file the documents in question if the matter again proceeds to a dispositional hearing.

For the foregoing reasons we vacate the circuit court's January 15, 2020, dispositional order and remand the matter for the holding of an adjudicatory hearing upon the allegations of abuse and neglect against petitioner.

Vacated and remanded.

**ISSUED**: November 4, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison